**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4981**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

     versus

TIMOTHY DOWELL, SR.,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Chief District Judge. (CR-04-65)

---

Submitted: July 13, 2005          Decided: August 4, 2005

---

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Dowell, Sr. was convicted of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). Dowell appeals, contending that the district court improperly sentenced him when it attributed a drug quantity to him greater than found by the jury. Dowell does not challenge his conviction. He preserved the sentencing issue for appeal by raising it in the district court. We affirm Dowell's conviction but vacate and remand for resentencing.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court concluded that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the judge by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746, 750. In light of Booker, we vacate Dowell's sentence and remand the case for resentencing.* Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate

---

*Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dowell's sentencing.

for that determination.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART, AND REMANDED</u>

- 3 -