**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5032**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY DOWELL, SR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield.  David A. Faber, Chief
District Judge.  (CR-04-65)

---

Submitted:  May 19, 2006                 Decided:  July 3, 2006

---

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

G. Ernest Skaggs, SKAGGS & SKAGGS, Fayetteville, West Virginia, for
Appellant.  Charles T. Miller, Acting United States Attorney,
Miller A. Bushong, III, Assistant United States Attorney, Beckley,
West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Timothy Dowell, Sr. appeals his 121-month prison sentence imposed pursuant to his conviction for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000).[*] Dowell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Dowell has filed a pro se supplemental brief claiming the district court improperly calculated the sentencing guidelines and violated his due process rights. Finding no reversible error, we affirm.

Through controlled purchases, police informant Barry Watson bought 0.83 grams of cocaine base from Dowell. Watson also testified that he previously bought six grams of cocaine base from Dowell. The jury convicted Dowell only for the 0.83 grams of cocaine base, but at sentencing the district court used the six grams of cocaine base in the calculation of the advisory sentencing guideline range of 97 to 121 months' imprisonment.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In determining a sentence post-Booker, however, sentencing courts are

---

[*]We vacated Dowell's original 121-month prison sentence in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Dowell, No. 04-4981 (4th Cir. Aug. 4, 2005). On remand, after taking into account the advisory guidelines, the district court resentenced Dowell to 121 months' imprisonment.

still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

In sentencing defendants after Booker, district courts apply a preponderance of the evidence standard when calculating the advisory sentencing guidelines. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). At Dowell's sentencing hearing, the district court found by a preponderance of the evidence that the six grams of cocaine base were attributable to Dowell, applied the sentencing guidelines as advisory, and considered the § 3553 factors. The district court properly calculated and considered Dowell's advisory guideline range and did not violate Dowell's due process rights.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Dowell's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
